STATE VS. BEILKE.

*May 5—June 1, 1911.*

*Criminal law: Bastards: Neglect to provide for.*

1. Sec. 4587c, Stats. (Supp. 1906: Laws of 1905, ch. 131), imposes upon the father of a bastard child merely a duty similar to that which it imposes upon the father of a legitimate child, and imposes that duty only in those cases of illegitimacy in which the relationship has been judicially established. It is a valid enactment.
2. An action under sec. 4587c is not an action to enforce the judgment in the bastardy proceeding.

CERTIFIED from the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Question answered in the affirmative.*

The cause was submitted for the plaintiff on the brief of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and for the defendant on that of *F. J.* and *A. H. Smith.*

TIMLIN, J. The plaintiff in error was found guilty under sec. 4587c, Stats. (Supp. 1906: Laws of 1905, ch. 131), after trial upon information charging him with having unreasonably refused and neglected to provide for his minor bastard child, being of sufficient ability to earn the means with which to provide for the support of said child. This statute provides that

"Any parent who shall wilfully abandon his or her minor child or children, leaving such child or children in a destitute condition, or being of sufficient ability to maintain or to earn the means with which to support him or them, or who shall unreasonably refuse or neglect to provide for such child or children; and any person after having been determined by the judgment of any court of record having jurisdiction thereof, to be the father of any bastard child, who shall unreasonably refuse or neglect to provide for said child, and

any husband who shall wilfully abandon his wife, leaving her in a destitute condition, or being of sufficient ability to furnish her means of support or to earn such means, shall unreasonably refuse or neglect to do so, shall be punished," etc.

The statute is a pretty ragged piece of English composition, but its meaning may be arrived at by dropping out the seventh "or" and considering the word "unreasonably" to convey the same idea, with reference to bastard children, as "being of sufficient ability to maintain or to earn the means with which to support but neglecting to support" conveys with respect to legitimate children.

It is contended that the judgment in the bastardy proceedings is a civil judgment and the same cannot be enforced by this criminal action nor can the plaintiff be imprisoned for failure to pay according to the terms of the bastardy judgment. This contention is entirely beside the real question in the case. This is not an action to enforce the judgment in the bastardy proceeding. That judgment for the purpose of this statute fixed the status of the plaintiff as father of this child and in addition required the payment of money. With this latter portion of the judgment we have no concern here. The statute in question imposes upon the father of a bastard child a duty similar to that which it imposes upon the father of a legitimate child. But it imposes the duty only in those cases of illegitimacy in which the relationship is established by the judgment of a court of record having jurisdiction of the cause. The power of the legislature to impose such duty and enact such law is unquestionable.

*By the Court.*—The question certified to this court is answered in the affirmative, and the cause is remanded to the circuit court for Lincoln county with directions to proceed to judgment of conviction upon the verdict of the jury.